UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH L. BOCK, as Personal Representative of the Estate of Paula Garcia Franks, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil No. 3:24-cv-30099-MGM |
| DAIMLER TRUCKS NORTH AMERICA LLC; ELIFE TECH, INC.; ASAP LOGISTICS, LLP, ESTER CARGO, INC.; CHEVALIER ODNER; and WEIHUA ZOU, | ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER ON DEFENDANT DAIMLER TRUCK
NORTH AMERICA LLC'S MOTION FOR ENTRY OF PROTECTIVE ORDER
(Dkt. No. 86)

ROBERTSON, U.S.M.J.

Joseph L. Bock brings this case as Personal Representative of the Estate of Paula Garcia Franks, his wife, who died from catastrophic injuries she sustained when the motor vehicle in which she was a backseat passenger was struck from the rear by a Freightliner Corporation truck. Defendant Daimler Truck North America LLC ("DTNA") is the successor in interest to Freightliner Corporation. Before the court is DTNA's motion asking this court to enter a protective order governing its production of confidential information in discovery without the "sharing provision" that Plaintiff seeks.

I.     Factual Allegations Relevant to the Instant Motion

At the time of the fatal accident, the vehicle in which Garcia was traveling on Interstate 91 North began to decelerate for unknown reasons and was struck from behind by a 2024

Freightliner Cascadia driven by defendant Chevalier Odner.  According to Plaintiff, despite

DTNA's development of the "Detroit Assurance" safety system designed to mitigate against,

reduce the severity of, and potentially avoid collisions with other vehicles via an alert system and

automated braking, the subject truck did not contain any kind of collision mitigation safety

system, such that the vehicle was not reasonably safe.

II.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(c)(1) provides that "[a] party or any person from

whom discovery is sought may move for a protective order in the court where the action is

pending ….  The court may, for good cause, issue an order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that

a trade secret or other confidential research, development, or commercial information not be

revealed or be revealed only in a specialized way."  *See* Fed. R. Civ. P. 26(c).  "'It is implicit in

Rule 26(c)'s "good cause" requirement that ordinarily (in the absence of good cause) a party

receiving discovery materials might make them public.'"  *Baker v. Liggett Grp., Inc.*, 132 F.R.D.

123, 125 (D. Mass. 1990) (quoting *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 790 (1st

Cir. 1988)).  "The party or person seeking a protective order, including an order limiting another

party's right to disseminate information obtained in discovery, has the burden of demonstrating

the existence of good cause."  *Polo v. Time Warner Cable, Inc.*, Case No. 3:16-cv-11400-MGM,

2017 WL 2836996, at *2 (D. Mass. June 30, 2017) (citing *Green v. Cosby*, No. 14-cv-30211-

MGM, 2015 WL 9594287, at *4-5 (D. Mass. Dec. 31, 2015); *Baker*, 132 F.R.D. at 125).  "'A

finding of good cause must be based on a particular factual demonstration of potential harm, not

on conclusory statements.'"  *Baker*, 132 F.R.D. at 125 (quoting *Anderson v. Cryovac, Inc.*, 805

F.2d 1, 7 (1st Cir. 1986)).

III.     Discussion

By its motion, DTNA asks this court to enter what it characterizes as the Model Protective Order of the United States District Court for the District of Massachusetts, which does not contain the sharing provision sought by Plaintiff that would permit him to disclose DTNA's confidential documents to others involved in "similar litigation."  According to DTNA, the model order strikes the appropriate balance between Plaintiff's need for discovery and DTNA's need to protect its industry leading confidential information in Advanced Driver Assistance Systems ("ADAS") technology from falling into the hands of competitors.  For support, DTNA points to four cases in which courts have rejected similar sharing provisions sought by the plaintiffs in other litigation against DTNA.  *See Butler v. Daimler Trucks N. Am. LLC*, No. 19-cv-2377, 2020 WL 128052 (D. Kan. Jan. 10, 2020) (Dkt. No. 86-1 at 33-44); *Morris v. Daimler Trucks N. Am. LLC*, No. 3:20-cv-00-246 (S.D. Ill. 2000) (Dkt. No. 86-1 at 22-31); *Navarrete v. Thomas Built Buses*, No. 2016-cv-17496 (Jackson Cty., Missouri 2021) (Dkt. No. 86-1 at 46-57); and *United Financial Casualty Company v. Arman Expedite LLC*, No. 2:23-cv-00587 (W.D. Wash.) (Dkt. No. 86-1 at 59-60).

Plaintiff counters that DTNA has raised only a generalized claim of possible harm insufficient to establish good cause to prohibit Plaintiff from sharing DTNA's confidential documents with other lawyers involved in "similar cases," which he defines as "failure to equip" litigation involving claims that a Freightliner truck was defective because it was not equipped with collision avoidance technology limited to Forward Collision Warning (FCW), Automated Emergency Braking (AEB), Active Brake Assist ("ABA") and/or "Detroit Assurance."  Plaintiff posits that the sharing provision will allow his counsel to compare DTNA's technical productions in his case with that in other similar cases, to learn how others have used the

materials to conduct corporate depositions and counter technical defenses raised by DTNA, to discuss the data produced with counsel in similar cases allowing a greater understanding, and to develop the technical aspects of the case as part of a "team enterprise" (Dkt. No. 88 at 3-4). According to Plaintiff's counsel, counsel for DTNA did not raise certain criticisms regarding Plaintiff's proposed sharing provision before filing its motion such that Plaintiff could respond to them. Plaintiff's current proposed order, attached to his opposition, addresses a number of those concerns by: incorporating a notice provision giving DTNA 30 days to object before confidential material is shared; requiring lawyers receiving confidential materials to provide a certification within 30 days of the conclusion of the "similar litigation" attesting that the documents and any copies have been destroyed; and including in the certification that counsel must sign to receive the documents an acknowledgement of this court's jurisdiction to impose sanctions for any violation of the protective order (Dkt. No. 88-1). Plaintiff also notes that DTNA agreed to a sharing provision as recently as May 2024, in the case of *Elliott v. DTNA*, Court of Common Pleas, Philadelphia County, C.A. No. 01387 (Dkt. No. 88-2).

This court finds that DTNA has not established its entitlement to the protective order without the limited sharing provision Plaintiff seeks. The initial premise of DTNA's argument, that Plaintiff is asking this court to deviate from the norm, is flawed. There is no model protective order in the District of Massachusetts. The model order DTNA is proposing appears to be that of U.S. Magistrate Judge Jennifer C. Boal, which she encourages, but does not require, the parties appearing in her session to use. Judge Mastroianni, the District Judge presiding in this case, has no model order for his session and instead encourages parties "to execute confidentiality agreements in any case where such agreements will facilitate discovery," without

4

limiting an individual's right to seek a protective order from the court pursuant to Fed. R. Civ. P. 26(c).

DTNA claims that Plaintiff has not disputed its showing of the potential for irreparable harm. When there is a dispute between the parties about the scope of a protective order, the party seeking confidentiality has the burden of showing good cause for the order it seeks. DTNA has made no such showing, which is a threshold for the relief it seeks. *Baker v. Liggett Grp., Inc.*, 132 F.R.D. 123, 125-26 (D. Mass. 1990); *United States v. Hooker Chemicals & Plastics Corp.*, 90 F.R.D. 421, 425 (W.D.N.Y. 1981) ("The burden on the moving party constitutes a requirement for a threshold showing that there is 'good cause' that the order issue." (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973), *cert. denied* 414 U.S. 1162 (1974))).[1] DTNA maintains that it is under no obligation to show good cause because Plaintiff has conceded its existence by agreeing that a protective order is needed. This is not accurate. DTNA fails to acknowledge that parties often agree to blanket protective orders which, as the First Circuit has recognized "may be useful in expediting the flow of pretrial discovery materials …." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988). That Plaintiff agreed to a protective order preventing unrestricted access to DTNA's confidential documents is not the same as his agreement that all access must be restricted. *See Gabriel v. Superstation Media, Inc.*, Civil Action No. 13-12787-NMG, 2014 WL 12796359, at *3 (D.

---

[1] DTNA faults Plaintiff for relying on the *Hooker* decision given its vintage but does not explain why the reasoning of the *Hooker* court or its decision are no longer persuasive. In this court's view, the passage of time in no way diminishes the accuracy of the *Hooker* court's analysis of the good cause burden on the party seeking Rule 26(c) protection or its observation that, not only is the disclosure of information garnered through discovery in parallel lawsuits not a reason for a court to impose a protective order, but also such disclosure and possible collaboration among plaintiffs' attorneys is "squarely within the purposes" of the rules, especially "in lawsuits where the resources available to the parties are uneven." *Hooker*, 90 F.R.D. at 425-26.

Mass. Nov. 7, 2014) (stating that parties often agree to, and court enter blanket protective orders; holding that the party that later seeks to keep information confidential bears the burden of showing good cause). The burden of showing good cause falls on DTNA, which relied exclusively on representations by counsel rather than filing an affidavit providing a particularized showing of the competitive risks DTNA would face from having its confidential information shared with other plaintiffs' attorneys litigating similar claims against it.

DTNA faults Plaintiff for not addressing the four recent cases it cited in its brief in which DTNA is a party and the courts rejected sharing provisions such as those proposed by Plaintiff here. DTNA claims that this failure is owing to the indistinguishability of the cases. The court disagrees. In *Butler*, the court noted that "jurisdictions appear to be split on whether sharing provisions are appropriate or useful," but in the District of Kansas, "judges have consistently rejected the inclusion of sharing provisions in protective orders." *Id.*, 2020 WL 128052, at *2. The *Butler* court rejected the sharing provision sought by the plaintiff in that case based on the concern that there was a lack of opportunity for DTNA to object to particular disclosures, but Plaintiff's proposed order gives DTNA thirty days to object to any proposed sharing. In *Morris*, the court apparently was concerned that those with whom the confidential documents might be shared would be outside of its jurisdiction (Dkt. No. 86 at 7-8). Here, Plaintiff's proposed order requires any party with whom the materials are shared to agree to the jurisdiction of this court for enforcement purposes. Finally, in *United Financial Casualty Company*, the court found the plaintiff's "need to share materials … obtain[ed] through discovery … unlimited and unspecified" (Dkt. No. 86-1 at 59-60). Not so here. In other words, the decisions are distinguishable.

The court is wholly unpersuaded by defense counsel's claim that "Plaintiff stretches the cords of good faith to their very last thread," because Plaintiff cited DTNA's agreement to a sharing provision in the *Elliott* case (Dkt. No. 97 at 5).  In its original memorandum, DTNA relegated to a footnote and attempted to differentiate the *Elliott* case by characterizing it as arising from "dissimilar and nuanced facts involving, among other things, the roles of original and successor counsel, none of which are present here" (Dkt. Nos. 86 at 10 n.1; 97 at 5).  Plaintiff is not required to accept Defendant's attempted characterization of *Elliott*, nor it is bound by Defendant's inclusion of the language in the *Elliott* agreement that it would have no "precedential effect in any other proceeding."   Plaintiff has not claimed that the inclusion of the sharing provision in the *Elliott* agreement has a "precedential effect."   Rather, Plaintiff argues, reasonably, that DTNA's agreement to a sharing provision in the *Elliott* case detracts from the persuasiveness of its current argument that it would suffer irreparable competitive harm if the confidential materials produced in this case are similarly shared.  There is nothing approaching bad faith about Plaintiff counsel's raising the *Elliott* case in support of a sharing provision that counsel believes will allow him to more effectively represent Plaintiff.

The court finds that DTNA is not entitled to a protective order without the sharing provision Plaintiff seeks for the reasons it so found in *Sweet v. Polaris Indus., Inc.*, Case 3:21-cv-40076-MGM, 2022 WL 974139 (Mar. 31, 2022).  As in *Sweet*, while DTNA "has a legitimate interest in protecting trade secrets and other confidential information, Plaintiff's proposed sharing clause does not allow for unfettered dissemination of such material."  *Id*. at *3.  DTNA has failed to establish the good cause necessary to preclude Plaintiff from the limited sharing of DTNA's confidential information with other lawyers involved in similar litigation where DTNA will have advance notice and the opportunity to object before such sharing takes place.  *Id*.

Finally, inclusion of the sharing provision will serve to equalize the positions of the parties insofar as counsel for DTNA "already has the ability to share confidential information and confer with every other lawyer representing [DTNA] in similar cases across the country." *Id*.

IV.    <u>Conclusion</u>

For the above stated reasons, Defendant's motion for protective order (Dkt. No. 86) is DENIED.  The parties shall, on or before December 12, 2025, jointly submit a revised proposed protective order with a sharing clause in accordance with this ruling.

It is so ordered.

Dated: November 26, 2025                    /s/ Katherine A. Robertson
                                            KATHERINE A. ROBERTSON
                                            United States Magistrate Judge